UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Phillip A. Rimmer,

      Plaintiff,

v.

John Doe, Inc., Huddleston Law Office, PLLC d/b/a Huddleston Law, PLLC, a Kentucky Limited Liability Company, Russel French, an individual, Lee Huddleston, Esq., an individual, and John Doe 1, an individual,

      Defendants.

Civ. No. 13-0548 (JNE/JJG)

REPORT AND RECOMMENDATION

JEANNE J. GRAHAM, United States Magistrate Judge

      This matter is before the Court on Defendant Lee Huddleston, Esq.'s Motion to Dismiss (ECF No. 5). Plaintiff is represented by Jeremy Cobb. Defendant Lee Huddleston, Esq. ("Huddleston") is the only Defendant to have appeared or responded to the Complaint. While Huddleston is an attorney, he is not admitted to practice before this Court, thus he is proceeding *pro se*. Huddleston failed to abide by numerous provisions contained in the Local Rules. He did not contact the undersigned to obtain a hearing date, and he failed to file a notice of motion, any affidavits or exhibits, and a meet-and-confer statement as required by Local Rule 7.1(c)(1)(A). Likewise, Huddleston failed to file a reply memorandum or a notice that no reply memorandum was forthcoming, as required by Local Rule 7.1(c)(3)(A). Despite those omissions, the Court will rule on the motion as submitted, however in the future, counsel must abide by the Local Rules of this Court.

The Complaint in this matter is for violation of various provisions of the Fair Debt Collection Practices Act ("FDCPA"). Huddleston moves to dismiss pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. As set forth below, the motion should be denied as it relates to insufficient service of process and failure to state a claim, but it should be granted as to lack of personal jurisdiction. The Court need not decide whether venue is proper. Accordingly, the Court recommends the motion be granted and the case be dismissed.

I. **FACTUAL BACKGROUND**

Plaintiff Phillip A. Rimmer incurred a debt owed to Plains Commerce Bank in the amount of approximately $776.00. (Compl. ¶ 12.) Plaintiff alleges that the debt was assigned to "Defendant."[1] (*Id.* ¶ 13.) Plaintiff filed for bankruptcy protection on January 24, 2012, in the United States Bankruptcy Court for the District of Minnesota. (*Id.* ¶ 14.) Plaintiff listed Plains Commerce Bank as the debtor on his bankruptcy petition. (*Id.* ¶ 16.)

Plaintiff received a dunning letter by email on March 8, 2012. (*Id.* ¶ 15.) Plaintiff asserts that Defendants had constructive notice of his bankruptcy petition because the debt was assigned after the bankruptcy petition was filed. (*Id.* ¶ 16.) The March 8 letter did not contain a validation notice. (*Id.* ¶ 17.) Moreover, the email referred to a "case filed in in our office against you." (*Id.* ¶ 20.) The email also stated: "If we do not hear from you we will proceede [sic] with with [sic] legal action. This case is on hold for 5 business days." (*Id.* ¶ 21.) The email was signed "Lee Huddleston, Attorney at Law." (*Id.* ¶ 22.)

---

[1] Plaintiff does not identify to which Defendant the debt was assigned. Instead, he states that "'Defendant' means any one or more, or all, of the defendants named [in the Complaint]." (Compl. ¶ 11.)

Later on March 8, 2012, Plaintiff called the number listed on the email and advised "Defendant John Doe 1—a collections representative" of his bankruptcy. (*Id.* ¶ 24.) Defendant John Doe 1 "did not provide a mini Miranda" (*Id.* ¶ 25.) Plaintiff allegedly alerted Defendant Doe to the automatic stay provisions, to which Defendant Doe replied, "Go ahead, sue us; we will counter sue." (*Id.*)

## II. OTHER DEFENDANTS

Before proceeding to the arguments asserted by Huddleston, the Court is obliged to note that while Huddleston is apparently an attorney, to the extent he purports to submit this motion on behalf of all Defendants, it is not so effective. First, Huddleston is not licensed to practice before this Court. Accordingly, in this Court's view, he is a non-attorney. Moreover, "a non-attorney [] may not engage in the practice of law on behalf of others." *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (citations omitted). Section 1654 of United States Code Title 28 prohibits "corporations, partnerships, or associations [from] appear[ing] in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony, Unit II Men's Advis. Council*, 506 U.S. 194, 202-03 (1993) (citing 28 U.S.C. § 1654) (collecting cases). Quite simply, Huddleston's attempt to act on behalf of others without making an appearance on their behalf is ineffective.[2]

---

[2] Moreover, Plaintiff has filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure for Defendants Huddleston Law Office, PLLC d/b/a Huddleston Law, PLLC, a Kentucky limited liability company; French & Associates, a Kentucky limited liability company; and Russel French. Rule 41(a)(1)(A)(i) provides for voluntary dismissal of a defendant before the opposing party serves an answer or motion for summary judgment. None of the three parties listed above have filed an answer or motion for summary judgment. Accordingly, the notice of voluntary dismissal without prejudice is effective as to those parties.

## III. INSUFFICIENT SERVICE OF PROCESS

### A. Standard of Review

A motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure requires a defendant to demonstrate that the plaintiff failed to follow the procedures set forth in Rule 4. The Eighth Circuit has held that "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc., v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citing *Dodco, Inc. v. Am. Bonding co.*, 7 F.3d 1387, 1388 (8th Cir. 1993)). In reviewing a motion to dismiss for insufficient service, the Court is required to consider matters outside the pleadings, including affidavits of service. *Devin v. Schwan's Home Servs., Inc.*, Civ. No. 04-4555 (RHK/AJB), 2005 WL 1323919, at *2 (D. Minn. May 20, 2005) (citing Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1353 (2004)). Such consideration does not require the Court to convert the motion into a Rule 56 motion for summary judgment. *Id.*

Service is governed by Rule 4 of the Federal Rules of Civil Procedure. Service of an individual may be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Alternatively, a plaintiff may: (1) deliver "a copy of the summons and complaint to the individual personally"; (2) leave "a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) deliver "a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). One acceptable method of service in Kentucky, where the Summons and Complaint are alleged to have been served on Huddleston, is personal service. Ky. R. Civ. P. (CR) 4.04(2).

B.  Analysis

Huddleston focuses his memorandum on the insufficiency of service as it concerned other Defendants, not himself. Applying only Minnesota law, he asserts that service by certified mail is insufficient, and concludes that the Court must dismiss the complaint wholesale. As discussed above, Huddleston may not argue on behalf of other Defendants.

There is record evidence that Huddleston was served personally. Plaintiff filed a returned summons as to Lee Huddleston, Esq. (Summons Return, May 7, 2013, ECF No. 9.) Jonathan D. Shackelford avers he served Huddleston at Huddleston & Huddleston, 1032 College St., Ste. #103, Bowling Green, KY 42102 on March 15, 2013. The Court finds, then, that Huddleston was personally served on March 15, 2013. Such service satisfied both the federal rule and Kentucky's rule. Accordingly, the Court recommends denying Huddleston's motion based on insufficient service of process.

IV. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A.  Standard of Review

Next, Huddleston moves to dismiss based on failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court determines whether "a complaint contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, the complaint need not include detailed factual allegations, but it must surpass the "speculative level." *Twombly*, 550 U.S. at 555. Importantly, Plaintiff's asserted legal conclusions, whether accurate or not, are irrelevant to the

determination of this motion. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 962 (8th Cir. 2009) (holding that courts are free to disregard "legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

**B. Analysis**

Huddleston repeatedly bemoans Plaintiff's use of couched terms in his Complaint. Indeed, Plaintiff uses the word "may" a number of times in reference to Huddleston's alleged violation of the FDCPA. (*E.g.*, Compl. ¶ 19 ("In addition, this email may have violated the FDCPA provisions prohibiting 'communicating with a consumer regarding a debt by post card."; ¶ 30 ("Plaintiff is also aware that Defendant may be exempt under Minnesota law from Minnesota licensure, but feels that that is an issue to be decided later on the merits.").) As noted above, whether Plaintiff said with absolute certainty that Huddleston violated the FDCPA or with the confidence of a field mouse, it is a legal conclusion, which courts routinely disregard.

In his one-count Complaint, Plaintiff alleges that he incurred a personal credit card debt in the amount of $776, which was referred to "Defendant" for collection. He further alleged that Huddleston emailed on March 8, 2012, and that email did not contain the validation notice required by the FDCPA. *See* 15 U.S.C. § 1692g(a) (requiring a statement that unless the consumer "disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector"). The email indicated there was a "case filed in [Defendant's] office against" Plaintiff and alluded to Plaintiff's delinquent credit card debt. These two allegations, if true, state a claim for violation of the FDCPA. Accordingly, the Court recommends the motion as it concerns Rule 12(b)(6) be denied.

## V. PERSONAL JURISDICTION

### A. Standard of Review

Next, Huddleston moves to dismiss based on lack of personal jurisdiction. A plaintiff need not definitively prove personal jurisdiction to survive a motion to dismiss, but rather he must "make a prima facie showing of personal jurisdiction over the defendant." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003) (citing *Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996)). Here, because it is alleged that Huddleston's conduct in contacting Plaintiff gives rise to the claim, the Court must be satisfied that it has specific jurisdiction over Huddleston, rather than general personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.15 (1985) (citation omitted) (differentiating between general and specific jurisdiction). In answering that question, the Court considers whether exercising jurisdiction would comport with due process. One way in which a forum may exercise personal jurisdiction over a nonresident is if that person "'purposefully directs' his activities toward forum residents." *Id*. at 473 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). In general, the Court must determine whether Huddleston "has purposefully availed [him]self of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." *Pecoraro*, 340 F.3d at 562 (citing *Burger King*, 471 U.S. at 475).

A federal court sitting in diversity applies the forum state's long-arm statute. *See Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (importing forum state's long-arm statute interpretation in a diversity case). The Court is obliged to interpret Minnesota's long-arm statute as the Minnesota Supreme Court has interpreted it. *Id.* The Minnesota Supreme Court has applied Minnesota Statutes § 543.19, the long-arm statute, as permitting "personal jurisdiction

7

over defendants to the full extent of federal due process." *Juelich v. Yamazaki Mazak Optonics Corp.*, 682 N.W.2d 565, 570 (Minn. 2004). In this case, the "dual inquiry collapses into a single inquiry of whether asserting jurisdiction violates the Due Process Clause." *Myers*, 689 F.3d at 909.

It is well settled that, for jurisdiction to exist in a way not offensive to due process, a defendant must have "minimum contacts" with the forum state. *Burger King*, 471 U.S. at 474 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Court's exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." *Myers*, 689 F.3d at 911 (citing *Int'l Shoe*, 326 U.S. at 316). In deciding whether the exercise of personal jurisdiction is consistent with due process, the Court applies a five-factor test. The Court considers: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) [the forum state]'s interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id.* (citing *Precision Const. Co. v. J.A. Slattery Co., Inc.*, 765 F.2d 114, 118 (8th Cir. 1985). The first three factors are of greater importance than the fourth and fifth factors. *Precision Const. Co.*, 765 F.2d at 118.

Importantly, defendants must "reach out beyond one state and create continuing relationships and obligations with the citizens of another state [to be] subject to regulation and sanctions in the other State for consequences of their actions." *Burger King*, 471 U.S. at 475. Indeed, even when commercial business is transacted by wire communications, a defendant cannot avoid personal jurisdiction "merely because the defendant did not *physically* enter the forum state." *Burger King*, 471 U.S. at 476 (emphasis in original).

B.   Analysis

For this Court's exercise of jurisdiction to comport with due process, Huddleston must have minimum contacts with Minnesota. That bedrock jurisdictional tenet represents the second factor set forth above: the quantity of contacts. This factor weighs heavily in Huddleston's favor. Indeed, Plaintiff alleges only one contact initiated by Defendant. To be fair, that single contact does not render the exercise of jurisdiction "constitutionally impermissible." *Fulton v. Chicago, Rock Island & P.R. Co.*, 481 F.2d 326, 335-36 (8th Cir. 1973); *West Publ'g Corp. v. Stanley*, Civ. No. 03-5832 (JRT/FLN), 2004 WL 73590, at *4 (D. Minn. Jan. 7, 2004) (citing *Marquette Nat'l Bank of Minneapolis v. Norris*, 270 N.W.2d 290, 295 (Minn. 1978)). However, it is certainly relevant to the inquiry. For example, in *Krambeer v. Eisenberg*, 923 F. Supp. 1170, 1174-75 (D. Minn. 1996), a single dunning letter, in combination with the dearth of other contacts, resulted in a finding that personal jurisdiction was lacking.

Where there are so few contacts, as here, "the Court must rely on the nature and quality of the contacts." *Krambeer*, 923 F. Supp. at 1174 (citing *Trident Enters. Int'l, Inc. v. Kemp & George, Inc.*, 502 N.W.2d 290, 295 (Minn. 1978)).

The quality and nature of the contacts are simply insufficient to meet the constitutional minimum required for the Court to exercise jurisdiction over Huddleston. In *Krambeer*, an FDCPA case, the court found that a single letter to the plaintiff did not meet the *World-Wide Volkswagen* requirement that a defendant should "reasonably anticipate being haled into court." *Id.* at 1175 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Moreover, the *Krambeer* court cited numerous Eighth Circuit cases holding that "the use of interstate mail or telephone alone is insufficient to establish minimum contacts with the forum state." *Id.* (collecting cases). This Court has similarly noted that "contact by phone or mail is

insufficient to justify exercise of personal jurisdiction under the due process clause." *Westley v. Mann*, 896 F. Supp. 2d 775, 798 (D. Minn. 2012) (Ericksen, J.) (quotation omitted) (adopting report and recommendation and finding a lack of personal jurisdiction); *see also Toro Co. v. Adv. Sensor Tech., Inc.*, No. 08-0248 (DSD/SRN), 2008 WL 2564336, at *3 (D. Minn. June 25, 2008) ("Without more, even the relatively large amount of [electronic] communication does not establish specific jurisdiction."). Courts reach that conclusion because it is the nonresident's "contacts with the *forum state* that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident." *Jacobs Trading, LLC v. Ningbo Hicon Int'l. Indus. Co., Ltd.*, 842 F. Supp. 2d 838, 843 (D. Minn. 2012) (Ericksen, J.) (emphasis added) (quotation and internal quotation marks omitted). Thus, quality and nature of the contacts weigh in Huddleston's favor.

Finally, to dispel any notion that a single communication is sufficient to establish personal jurisdiction if that communication forms the basis of the cause of action, the court in *Krambeer* cited *General Electric Capital Corp v. Grossman*, in which the Eighth Circuit found a lack of personal jurisdiction where defendants had merely sent financial statements, which constituted a portion of the facts underlying the cause of action, into the forum state. *Krambeer*, 923 F. Supp. at 1175 (citing *General Elec. Capital Corp v. Grossman*, 991 F.2d 1376, 1388 (8th Cir. 1993)).

The facts of *Krambeer* are nearly indistinguishable from the facts herein. Huddleston has almost no relationship with the forum. His only alleged contact was a single email, the body of which was comprised of four sentences. From there, Plaintiff accepted Huddleston's invitation to reach out and contact Huddleston by telephone in an effort to resolve the debt obligation. While courts have found that sending dunning letters into a state is sufficient to confer personal

jurisdiction on a court, those cases concerned defendants who engaged in far more extensive attempts to contact the debtor. *See id.* at 1175-76 (collecting cases).

As for the secondary factors, Minnesota has interpreted its long-arm statute to extend to the maximum scope allowable under the Due Process Clause. It is clear, then, that Minnesota has a significant interest in providing its residents with a forum in which to sue, but that interest cannot overcome the requirement that Huddleston have minimum contacts with the forum state. *Digi-Tel Holdings*, 89 F.3d at 525. The final factor, the convenience of the parties, is neutral. Litigation in Minnesota is as convenient for Plaintiff as it is inconvenient for Huddleston.

The burden of establishing personal jurisdiction is on Plaintiff. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003) (citations omitted). On the record before the Court, Huddleston has only purposely reached out to Minnesota on *one* occasion: in an email to Plaintiff. That solitary email, without more, is insufficient. Two of the three primary factors—quantity of contacts and nature and quality of contacts—weigh heavily in Huddleston's favor. Likewise, the relationship of the contact to the cause of action, the third factor, cannot outweigh the other two. In this Court's view, FDCPA cases present a special challenge. While telephone, mail, and wire communications generally cannot alone establish personal jurisdiction, in the debt collection setting, that is typically the *only* type of contact between the plaintiff and defendant. Thus, numerous telephone calls, letters, or wire communications could conceivably establish personal jurisdiction in a case arising under the FDCPA. In this case, however, a single email without more, cannot establish personal jurisdiction.

Accordingly, the Court finds that personal jurisdiction is lacking and recommends that this action be dismissed without prejudice. *Westley*, 896 F. Supp. 2d at 780 (dismissing complaint without prejudice for lack of personal jurisdiction).[3]

## VI. IMPROPER VENUE

While the Court recommends dismissal for lack of personal jurisdiction, a brief comment on venue is appropriate. Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred . . . .: 28 U.S.C. § 1391(b)(2). Where personal jurisdiction does not exist, it is common for venue to be improper, too. *See Woodke v. Dahm*, 873 F. Supp. 179, 196 (N.D. Iowa 1995). However, because courts examine venue and personal jurisdiction independently of one another, it may possible to reach independent conclusions. *Id.* at 196 n.9. Moreover, at least one court in this District has ruled that venue is proper in an FDCPA case because the consumer received the unlawful communication where the consumer resided. *Howard v. Judge Law Firm*, Civ. No. 09-1644, 2010 WL 2985686, at *2 (D. Minn. July 26, 2010) (Tunheim, J.) (citing *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867-68 (2d Cir. 1992)). However, in that case the issue of personal jurisdiction was deemed waived. Accordingly, while venue may arguably be proper in more than one district, this Court's recommendation as to dismissal for lack of personal jurisdiction controls and renders a finding regarding venue moot.

## VII. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

---

[3] The Court recommends the Complaint be dismissed as to the fictitiously named "Doe" Defendant. Plaintiff has filed an effective notice of voluntary dismissal and Doe's identity has not been ascertained. *See Estate of Rosenberg ex rel. Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

(1) Defendant Lee Huddleston's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 5) be **GRANTED**;

(2) Defendants Huddleston Law Office, PLLC d/b/a Huddleston Law, PLLC, a Kentucky limited liability company; French & Associates, a Kentucky limited liability company; and Russel French be **DISMISSED**;

(3) Defendant John Doe be **DISMISSED**;

(4) This case be **DISMISSED WITHOUT PREJUDICE**; and

(5) **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 30, 2013          s/ *Jeanne J. Graham*
                                JEANNE J. GRAHAM
                                United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 23, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.